## Restriction on Withdrawal of Bank Deposits

SAYLOR, Deputy Attorney General, April 7, 1933.—You have asked to be advised regarding various matters arising under the provisions of Act No. 6 of the present session of the General Assembly, approved March 8, 1933, permitting institutions under your supervision under certain conditions to defer payments to depositors.

1. You first inquire whether, if an institution has availed itself of the privileges of the act and at a later date is taken into possession by you, deposits made during the time it was operating under the act may be mingled with its general

assets and liquidated on the same basis as deposits received prior to the time it took advantage of the act.

Act No. 6 has two specific purposes. It is intended, first, to enable state banks and trust companies to refuse to honor depositors' demands for withdrawal without suffering the penalty of being closed and liquidated, and, second, to assure persons and corporations making deposits in such institutions that their money will be segregated and made available for payment at any and all times on demand.

Section one of the act gives the secretary of banking the power to authorize institutions under his supervision to postpone the payment of time and demand deposits and

"To receive new deposits which shall be segregated from deposits previously made and invested in liquid assets as defined by the Secretary. All such new deposits shall be available exclusively for the benefit of new depositors until such depositors have been paid in full, and shall always be withdrawable on demand without restriction."

While not actually stating that "new deposits" are more than special funds, the language of the act clearly indicates that they are to be treated in a different manner and surrounded by different safeguards than ordinary deposits. They are more than ordinary deposits which could be used by the depository for its own purposes. They are to be kept separate and apart from other deposits of the institution. They are to be invested in liquid assets, so that the depositors may receive them back at any time on demand. No restrictions on withdrawal are to be imposed by the depository. It cannot treat the funds in any manner that might interfere with their prompt return to their owners. It may make no claim on them for itself or for any other than the owners thereof or their assignees. It may not treat such deposits as part of its assets. It may not use them for its own purposes or mingle them with its own funds.

In the event that the business and property of the institution pass into your possession, the situation is not altered. There is merely a change in the person of the fiduciary holding such funds.

If as secretary of banking you took possession of an institution operating on the deferred payment plan, you could not mingle the "new deposits" with the assets of the institution. It would be your duty promptly to sell securities in which such funds might be invested and to deliver the proceeds thereof, together with uninvested cash, to the parties entitled thereto.

2. Your second inquiry concerns the degree and extent of your control over an institution operating on the deferred payment plan following your approval of its action in availing itself of the privileges of the legislation.

Section two of the Act of March 8, 1933, provides as follows:

"In order that any institution may avail itself of the privileges herein granted, it shall accept such terms as the Secretary of Banking shall from time to time impose upon it."

If an institution under your supervision desires to adopt the plan, it should do so by proper action of its directors, if a corporation, and by authority of its owners, if a private bank. Upon receipt of evidence thereof, you may authorize the institution to defer payments on existing deposit accounts, subject to such terms as you may impose.

All such terms, which you may designate as rules and regulations, should be proper and necessary in effecting the purposes of the legislation and in protecting the interests of depositors. They should be drafted with a view to carrying out the terms of the act and should be made effective in a manner conducive to the best interests of the depositors of the institution concerned.

14

You inquire whether as part of your rules and regulations you may prohibit the granting of new loans. It is clearly within your prerogative to do so. Obviously, when an institution is not paying its depositors it should not lend its assets to others.

Furthermore, under the act such rules and regulations may be altered, amended and supplemented by you from time to time.

Therefore, in summary, you are advised as follows:

1. All funds deposited in an institution under your supervision after it has availed itself of the privileges of legislation permitting postponement of payments to depositors shall be returned to those who have deposited them, even though the institution close its doors and its affairs be liquidated.

2. Institutions may operate on the deferred payment plan only on such terms as you shall impose and as shall be proper and necessary in carrying out the provisions of the legislation and in protecting the depositors of such institutions.

From C. P. Addams, Harrisburg, Pa.